Billie E. BILLMAN, Appellant,

v.

COMMISSIONER OF INTERNAL REVENUE, Appellee.

No. 86–1602.

United States Court of Appeals, District of Columbia Circuit.

May 20, 1988.

Billie E. Billman, pro se.

Before WALD, Chief Judge, ROBINSON and D.H. GINSBURG, Circuit Judges.

## ON RESPONSE TO ORDER TO SHOW CAUSE

PER CURIAM:

This case is before us on four motions filed by appellant Billie E. Billman. Upon consideration of those motions, on May 28, 1987, this court ordered appellant to show cause why this appeal should not be dismissed on the grounds of claim preclusion or, alternatively, why the Tax Court's decision, filed September 25, 1984, should not be summarily affirmed. Having received appellant's response to the show cause order, we now turn to the merits of this appeal and summarily affirm the Tax Court decision under review. *See Taxpayers Watchdog, Inc. v. Stanley,* 819 F.2d 294, 297 (D.C.Cir.1987) *(per curiam)* (summary affirmance is appropriate where the merits of the appeal are so clear that expedited review is warranted). Moreover, for the reasons stated herein, we are imposing sanctions on appellant and we caution him against engaging in further abuses of the judicial process.

### I. SUMMARY AFFIRMANCE

Appellant seeks review of a Tax Court decision finding him liable for federal income tax deficiencies and penalties for the year 1977. In the Tax Court, appellant contested his tax liability on the ground that the disclosure notices on the Internal Revenue Service tax forms failed to comply with the Privacy Act, 5 U.S.C. § 552a. Specifically, appellant argued that the disclosure notice does not contain an exhaus-

tive list of the statutory authority for requiring disclosure of social security numbers on income tax returns. In addition to allegations that the Commissioner of Internal Revenue made 39 errors in calculating appellant's income tax liability, appellant also maintained that his earnings as a ship pilot were not includable in his gross income.

The Tax Court rejected the merits of appellant's Privacy Act claim. The Tax Court concluded that the authority cited in the disclosure notice was sufficient and that an exhaustive rendition of the statutory authority for requiring disclosures was not required.

The Tax Court found appellant's claims of error in the calculation of his tax liability to be without merit and that appellant failed, indeed refused, to submit any evidence to support his claims of error. The Tax Court entered a decision for the Commissioner. *See Billman v. Commissioner,* 83 T.C. 534 (1984).

Appellant filed an appeal from the Tax Court decision in the Eleventh Circuit. That appeal was subsequently transferred here. Following transfer, appellant submitted numerous motions. After reviewing those motions, a prior panel of this court ordered appellant to show cause why this case should or should not be dismissed on the ground of claim preclusion. Alternatively, the panel directed appellant to demonstrate why the Tax Court decision should not be summarily affirmed. Appellant's response having been received, we now review the Tax Court decision from which he appeals.

■ To begin with, we are in complete accord with the Tax Court's conclusion rejecting appellant's Privacy Act claims. As appellant is well aware from his previous appeals, we have determined that the list of statutory authority in the disclosure notice is "adequate."[1] *See Billman v. IRS,* 808

---

1. In the previous appeals, appellant and his co-tax protestor Hudgins have moved this court to vacate our judgments regarding the adequacy of the disclosure notice. Relying on the same analysis provided to support the motions to va-

cate in Nos. 85–5992 and 85–6064, appellant urges us to vacate as moot the tax court decision under review in this case. We rejected the motions to vacate in those prior appeals and,

F.2d 137 (D.C.Cir.), *cert. denied,* —— U.S. ——, 108 S.Ct. 47, 98 L.Ed.2d 12 (1987); *Hudgins v. IRS,* 808 F.2d 137 (D.C.Cir.), *cert. denied,* —— U.S. ——, 108 S.Ct. 47, 98 L.Ed.2d 12 (1987).

■ On appeal, appellant focuses on the Tax Court determination concerning the Privacy Act. Hence, the remaining Tax Court determinations that appellant's allegations of error were frivolous and unsupported are not at issue. In any event, we note that, by refusing to submit any evidence to support his allegations, appellant utterly failed to carry his burden before the Tax Court. *See Mallette Bros. Construction Co. v. United States,* 695 F.2d 145, 148 (5th Cir.), *cert. denied,* 464 U.S. 935, 104 S.Ct. 341, 78 L.Ed.2d 309 (1983) ("Any ... deficiency notice is accompanied by a presumption of correctness which places the burden on the taxpayer of establishing all matters necessary to show that it does not owe the taxes in question.").

Because we have previously expressed the same conclusion as the Tax Court on appellant's Privacy Act claims and the remaining Tax Court determinations regarding appellant's allegations of error are susceptible to summary disposition, we affirm the Tax Court's decision upholding the Commissioner's assessments against appellant.

## II. SANCTIONS

■ As mentioned earlier, appellant's claims in this case reiterate arguments previously presented to this court by appellant. This case represents the fourth instance during the last two years in which appellant has attempted to contest his liability for federal income taxes before this court.[2] Among the four cases, appellant has inundated the court with 24 motions. In each case, appellant's motions and other submissions repeat, often verbatim, the same claims made in prior filings.

Appellant has been informed of the meritless nature of his claims. In *Hudgins v. IRS,* 620 F.Supp. 19, 20 (D.D.C.1985), *aff'd,* 808 F.2d 137, *cert. denied,* —— U.S. ——, 108 S.Ct. 47, 98 L.Ed.2d 12 (1987), the district court characterized the pleadings of appellant and his co-tax protestor as "facially frivolous." On appeal, we sanctioned appellant for his refiling of the same frivolous arguments. *See Hudgins v. IRS,* 808 F.2d 137 (D.C.Cir.1987).

The decision under review in the instant case found that appellant's claims of error were frivolous and without merit. *Billman v. Commissioner,* 83 T.C. at 537–41. The court below explained that there was no credible evidence to support appellant's allegations and concluded that his claims of fraud were "so lacking in merit that [they did] not deserve any further comment." *Id.* at 541. Indeed, the court noted that

---

likewise, deny the motion to vacate filed in the instant appeal as moot.

It should also be noted that in this case, appellant asserts that the Form 1040's specifications that a taxpayer include his social security number violates his free exercise of religion, thereby, eliminating any tax liability. Because appellant's claim appears to raise issues recently addressed by this court in *Leahy v. District of Columbia,* 833 F.2d 1046 (D.C.Cir.1987) (a District of Columbia statute requiring an applicant to provide his social security number as a prerequisite to obtaining a driver's license violated plaintiff's constitutional right to free exercise of religion because the requirement was not the least restrictive means of achieving a concededly vital public safety objective), we pause to explicitly note that *Leahy* is inapplicable to the instant case.

In *Hudgins v. IRS,* 808 F.2d 137 (D.C.Cir.), *cert. denied,* —— U.S. ——, 108 S.Ct. 47, 98 L.Ed. 2d 12 (1987), this court rejected the very same argument by appellant. Consequently, appel-

lant is precluded from relitigating the same claim in this case. *See Federated Dep't Stores, Inc. v. Moitie,* 452 U.S. 394, 398, 101 S.Ct. 2424, 2427, 69 L.Ed.2d 103 (1981). In any event, the court's decision in *Leahy* does not affect the disposition of this appeal. Unlike the plaintiff in *Leahy,* appellant in the instant case does not allege, nor does the record indicate, that appellees demanded that he include his social security number on the form nor that the refusal to provide a social security number on the Form 1040 would result in adverse consequences from appellees. Appellant's assertions are therefore without merit.

**2.** The other three appeals include *Hudgins v. IRS,* No. 85–5992 (D.C.Cir.1987); *Billman v. IRS,* No. 85–6064 (D.C.Cir. filed Nov. 4, 1985); *Billman v. IRS,* No. 85–6065 (D.C.Cir. filed Nov. 4, 1987) (consolidated with *Billman v. IRS,* No. 85–6064 on Dec. 20, 1985).

appellant should be "fortunate that *he* has has not been charged with fraud." *Id.* (emphasis in original). Despite the findings below and in complete disregard of this court's warning, appellant appealed from the Tax Court and reasserted the very claims for which we previously imposed sanctions.

We have doubled our previous sanction because of appellant's contumacious behavior. *See* Fed.R.App.P. 38; 28 U.S.C. § 1912 (1982). If appellant persists in abusing the judicial process, we will be strongly inclined to enter an injunction requiring appellant to seek leave of the court to file an appeal. *See Urban v. United States,* 768 F.2d 1497 (D.C.Cir.1985); *In re Green,* 669 F.2d 779 (D.C.Cir.1981) *(per curiam).*