GARY SPRUNK, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Sprunk v. Commissioner
Docket No. 10286-90
United States Tax Court
T.C. Memo 1991-58; 1991 Tax Ct. Memo LEXIS 73; 61 T.C.M. (CCH) 1890; T.C.M. (RIA) 91058; February 12, 1991, Filed *73 Respondent's Motion to Dismiss will be granted, and decision, including penalty, will be entered for the respondent. Susan Matthews, for the respondent. BUCKLEY, Special Trial Judge. BUCKLEY
MEMORANDUM OPINION This case was set for hearing pursuant to the provisions of section 7443(A)(b)(3) and Rule 180 et seq. [1] Petitioner failed to appear and we now consider respondent's motion to dismiss for lack of prosecution and for sanctions. Respondent determined, by three notices of deficiency each dated February 16, 1990, deficiencies in petitioner's Federal income taxes as follows: Additions to Tax, Sections Year
Tax 6651 *
6653(a)(1)
6653(a)(2)
6654 1984
$ 1,789.00
$ 393.50
$ 89.45
**
$ 95.58
1985
1,023.00
234.25 51.15
**
52.46
6651 *
6653(a)(1)(A)
6653(a)(1)(B)
6654 1986
$ 2,232
$ 456.75
$ 111.60 ** $ 83.50
*74 Petitioner resided at Phoenix, Arizona, when he timely filed his petition herein. Petitioner also filed an amended petition. Respondent determined that petitioner had failed to file timely Federal income tax returns for 1984, 1985, and 1986, had failed to pay estimated income tax, and had failed to report wage and other income as follows: 1984
- Arizona Central Credit Union
$ 90
Arizona Automotive Institute
13,416
1985
- Chicago Temporary
244 Dynamic Science, Inc.
5,000 Dynacomp, Inc.
4,790
1986
- Dynacomp, Inc.
15,799
The amended petition filed herein is no more than a sad rehash of the plethora of tax protestor petitions filed in this Court. Thus, petitioner alleges he is not a person liable for Federal income tax, nor is he a taxpayer within the meaning of the Code, that he was born "within the county of Wayne, State of Michigan and without the United States," *75 that he is not a citizen of the United States living abroad, or a resident alien, or an officer, employee, or elected official of the United States. Petitioner also goes on to complain that respondent has not met the requirements of the Paperwork Reduction Act of 1980 or the Administrative Procedures Act. It is noteworthy that petitioner does not allege that he did not receive the amounts determined to be unreported by respondent. Petitioner moved to continue this case from the January 7, 1991, calendar at Phoenix, and his motion was denied on November 9, 1990. Respondent requested petitioner to arrange a conference date for purposes of arriving at a Stipulation of Facts pursuant to our Rule 91. Petitioner rescheduled by letter of December 10, 1990, the conference to December 21, 1990, "ordered" respondent to prepare a joint motion to continue and advised respondent he would not appear on January 7, 1991. Respondent declined by letter dated December 14, 1990, to move for a continuance, agreed to meet with petitioner on December 21, and enclosed copies of various opinions rejecting arguments similar to those advanced by petitioner. Respondent also warned petitioner of his intention, *76 should petitioner persist in his tax-protestor arguments, to move for the imposition of a penalty under section 6673. Petitioner thereafter, on December 31, 1990, contending procedural errors in the notice of deficiency and insufficient time for discovery, acknowledged receipt of respondent's letter of December 14, 1990, and contended that the cases forwarded to him were inapposite. Petitioner failed to appear at the call of the calendar at Phoenix on January 7, 1991. Respondent moved to dismiss for lack of proper prosecution and for sanctions. This case was originally shown on the records of this Court as a "small tax case" filed under the provisions of section 7463. When petitioner moved to change the designation on November 8, 1990, it was determined that the designation was erroneous and his motion was granted. Petitioner in his correspondence with respondent contends that the change in designation somehow cut short his available time for discovery. We find this contention meritless, and note that under our Rules discovery is to commence only after there has been a bona fide attempt at informal discovery. Petitioner refused throughout to enter into an informal stipulation *77 process. Further, discovery is available in small tax cases as well as regular cases, so the designation in no manner served to prejudice petitioner. The Privacy Act (5 U.S.C. section 552a) contentions of petitioner were rejected by this Court in Billman v. Commissioner, 83 T.C. 534 (1984). Our opinion therein was affirmed, 270 U.S. App. D.C. 124, 847 F.2d 887 (D.C. Cir. 1988). Respondent forwarded to petitioner a copy of the Tax Court opinion and the affirming opinion in Billman, so petitioner was made aware that his contentions had been rejected in that and in other cases. Many of petitioner's other frivolous arguments were similarly rejected in Billman. We also note our recent opinion in Stamos v. Commissioner, 95 T.C. 624 (1990). See also Powers v. Commissioner, T.C. Memo 1990-623; Stamos v. Commissioner, T.C. Memo 1990-625; Stamos v. Commissioner, T.C. Memo 1990-624. Respondent also forwarded to petitioner a copy of the opinion in Coleman v. Commissioner, 791 F.2d 68 (7th Cir. 1986). The first paragraph of that opinion, presumably read by petitioner is as follows: *78 Some people believe with great fervor preposterous things that just happen to coincide with their self-interest. "Tax protesters" have convinced themselves that wages are not income, that only gold is money, that the Sixteenth Amendment is unconstitutional, and so on. These beliefs all lead -- so tax protesters think -- to the elimination of their obligation to pay taxes. The government may not prohibit the holding of these beliefs, but it may penalize people who act on them. [791 F.2d at 69.]
We particularly note Coleman for its discussion of the award of damages by this Court under section 6673 and for the sanctions imposed by the Court of Appeals for the filing of a frivolous appeal. See also Rowlee v. Commissioner, 80 T.C. 1111 (1983); Granzow v. Commissioner, 739 F.2d 265 (7th Cir. 1984). Petitioner was aware that his case was set for hearing on January 7, 1991, and he was also aware that his request for a continuance had been denied. Further, petitioner received, along with his notice of the January 7, 1991, trial session, a Notice from the Clerk of this Court which stated: "Failure to appear may result *79 in a dismissal of the case and a decision against the non-appearing party." The Notice also warned in regard to a stipulation conference: "Deliberate failure or refusal by a party to stipulate may result in a finding against that party." Nevertheless, despite these warnings petitioner failed to appear. Respondent's motion to dismiss for lack of prosecution will be granted, and a decision will be entered for the full amount of deficiencies and additions to tax. We now consider respondent's motion for the imposition of sanctions pursuant to section 6673 of the Code. That section provides that -- SEC. 6673. SANCTIONS AND COSTS AWARDED BY COURTS. (a) TAX COURT PROCEEDINGS. -- (1) PROCEDURES INSTITUTED PRIMARILY FOR DELAY, ETC. -- Whenever it appears to the Tax Court that -- (A) proceedings before it have been instituted or maintained by the taxpayer primarily for delay, (B) the taxpayer's position in such proceeding is frivolous or groundless, or (C) the taxpayer unreasonably failed to pursue available administrative remedies, the Tax Court, in its decision, may require the taxpayer to pay to the United States a penalty not in excess of $ 25,000.
Petitioner was *80 made aware that the case law rejected his contentions. He nevertheless persisted in his amended petition and refused to obey the call of this Court to the calendar. It is clear that he filed and maintained his frivolous petition for purposes of delay. Accordingly, we award a penalty to the United States in the amount of $ 3,000. Respondent's motion for sanctions will be granted. Respondent's Motion to Dismiss will be granted, and decision, including penalty, will be entered for the respondent. Footnotes
1. All section references are to the Internal Revenue Code as amended and in effect for the taxable years in question unless otherwise indicated. All Rule references are to the Tax Court Rules of Practice and Procedure.↩
*. The correct statutory reference is section 6651(a)(1) for each year.↩
**. 50 percent of the interest due on the deficiency.↩