WILLIAM E. CURRIER, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Currier v. Commissioner
Docket No. 20393-90
United States Tax Court
T.C. Memo 1991-194; 1991 Tax Ct. Memo LEXIS 218; 61 T.C.M. (CCH) 2526; T.C.M. (RIA) 91194; May 1, 1991, Filed *218 Decision will be entered for the respondent. William E. Currier, pro se. George W. Bezold, for the respondent. COHEN, Judge. COHEN
MEMORANDUM OPINION Respondent determined deficiencies in and additions to petitioner's Federal income taxes as follows: Additions to Tax Sec.
Sec.
Sec.
Sec.
Sec.
Year
Deficiency
6651(a)(1)
6653(a)(1)(A)
6653(a)(1)(B)
6653(a)(1)
6654
1986
$ 2,306 $ 577 $ 115
*
N/A
$ 111
1987
2,182
546
109
** N/A
118
1988
2,314
579
N/A
N/A
$ 116 148
Unless otherwise indicated, all section references are to the Internal Revenue Code as amended and in effect for the years in issue. Because petitioner effectively stipulated to his receipt of taxable income and otherwise presented only frivolous arguments, the only issue for decision is the amount of the penalty to be awarded under section 6673. Because the material facts are inseparable *219 from the procedural history of this case, we combine our findings of fact with our opinion. Background
Petitioner was a resident of Wisconsin at the time he filed his petition in this case on September 11, 1990. That petition alleged, among other things, that respondent erred in that "Petitioner is entitled to deduct $ 20,000.00 as legitimate expenses associated with loss of property during those years." On September 26, 1990, the Court's opinion in Currier v. Commissioner, T.C. Memo 1990-515, on appeal (7th Cir., Dec. 24, 1990), was filed with respect to petitioner's income tax liability for 1985. In that opinion, we ordered petitioner to pay to the United States a penalty of $ 500 pursuant to section 6673 by reason of his frivolous and groundless positions in docket No. 2430-89. On October 18, 1990, this case was set for trial in Milwaukee, Wisconsin, on March 18, 1991. Attached to the notice of trial was a Standing Pre-Trial Order requiring, among other things, that all facts be stipulated to the maximum extent possible and that documents to be introduced at trial, and not stipulated, be identified in writing and exchanged by the parties at least *220 15 days before the first day of the trial session. The Standing Pre-Trial Order also directed that trial memoranda be served and submitted at least 15 days before the first day of the trial session. On October 29, 1990, pursuant to leave of Court, petitioner's Amended Petition was filed. In the Amended Petition, petitioner alleged that respondent erred in determining income and not allowing deductions, but he did not identify a single item or amount of income or deduction that was the subject of an alleged error. Petitioner further alleged that the notice of deficiency "must fail"; that the burden of proof should be placed on the Commissioner; and that the Form 1040 was invalid. On December 26, 1990, petitioner's Request for Admissions of Fact was filed, showing service on respondent on December 22, 1990. Petitioner's document did not set forth any facts but, in 30 paragraphs, set forth petitioner's assertions that the notice of deficiency was illegal and fraudulent. On December 31, 1990, respondent filed Motions for Protective Order with respect to the request for admissions and certain interrogatories and requests for production of documents served by petitioner. The interrogatories *221 similarly did not relate to any facts but requested copies of laws, statutes or rules, and delegation orders. Respondent's Motions for Protective Order were granted. On January 16, 1991, petitioner filed a Motion to Strike Insufficient Defense directed at respondent's Motions for Protective Order and submitted a "Motion for Supplement to Court Order Regarding Challenged Key Evidence" that was filed as a Motion to Certify for Interlocutory Appeal. Both motions were denied. On January 17, 1991, respondent filed a Motion to Show Cause Why Proposed Facts in Evidence Should Not Be Accepted as Established. The proposed stipulation attached to respondent's motion set forth details of petitioner's receipt of annuity or pension income from the State of Wisconsin during 1986 ($ 17,800), 1987 ($ 19,488), and 1988 ($ 20,383) and petitioner's failure to file returns or pay tax for any of those years. Attached to the proposed stipulation were copies of checks and Forms W-2P issued to petitioner and a copy of a form in which petitioner elected not to have income tax withheld from the payments to him. An Order to Show Cause Under Rule 91(f), Tax Court Rules of Practice and Procedure, was issued *222 to petitioner. On January 22, 1991, petitioner filed a Motion to Show Cause Why Proposal of Facts for Evidence Should Not Be Accepted as Established, attaching a purported stipulation that repeated in substantial part the matters set forth in respondent's proposed stipulation. Petitioner's proposed stipulation, however, sought to incorporate his arguments concerning the facts and law applicable to this case. On February 21, 1991, petitioner filed a Response to Respondent's Motion to Show Cause Why Proposed Facts in Evidence Should Not Be Accepted as Established, but that response did not cast doubt on the accuracy of the facts set forth in respondent's proposed stipulation. As a result, by Order served February 25, 1991, respondent's motion was granted; the matters set forth in respondent's proposed stipulation were deemed stipulated; and petitioner's motion was denied. In addition, the Order contained the following paragraph: ORDERED: That petitioner is hereby advised that, if he continues to maintain frivolous positions in this case, the Court may, in its decision, award a penalty to the United States not in excess of $ 25,000 under the provisions of section 6673 of the *223 Internal Revenue Code, as amended and in effect for the years in issue. Petitioner is further advised that frivolous positions include, but are not limited to, assertions that petitioner is not a taxpayer; that payment in Federal Reserve notes is not subject to tax; or that procedural irregularities invalidate the notice of deficiency issued in this case or the Form 1040 prescribed for individual income tax returns.
The positions thus identified as frivolous were among those previously made by petitioner in this case and included claims that the statutory notice was invalid because of lack of delegation orders. See Stamos v. Commissioner, 95 T.C. 624 (1990), on appeal (9th Cir., Feb. 13, 1991); Ruff v. Commissioner, T.C. Memo 1990-521; Beam v. Commissioner, T.C. Memo 1990-304, on appeal (9th Cir., Oct. 29, 1990). On March 11, 1991, petitioner served and submitted to the Court his trial memorandum and a Motion for Pre Trial Conference. In the Motion for Pre Trial Conference, petitioner acknowledged the warning in the Court's Order dated February 22, 1991, and asserted that his "fear of proffering an alleged 'tax *224 protestor type' argument within a trial memorandum * * * has hindered the timely filing of PETITIONER'S TRIAL MEMORANDUM." In his trial memorandum, petitioner stated: Petitioner adopts the summary of facts stated in Respondent's Trial Memorandum. Petitioner relied upon the Public Protection Clause of the Paperwork Reduction Act, among others, and ignored the alleged requirement of filing federal income tax returns. These facts clearly demonstrate that Petitioner's actions were not only reasonable but are in accordance with the law. * * * 1. Petitioner is entitled to deduct for the years at issue the sum of $ 20,000.
The balance of the trial memorandum set forth petitioner's argument that the Form 1040 was void because the instructions, including those for Schedule C, failed to display an Office of Management and Budget (OMB) control number. Petitioner claimed that he relied on the Paperwork Reduction Act of 1980, 44 U.S.C. sec. 3501 et seq. (1988). When the case was called for trial, the Court again advised petitioner that his claims that the statutory notice and Forms 1040 were invalid were frivolous and indicated that the only issue properly before the Court was *225 whether petitioner was entitled to any deductions. At trial, petitioner tendered no evidence with respect to deductions other than an affidavit from an employee of a law firm, who listed amounts purportedly paid to the law firm by petitioner for 1987 and 1988. Respondent's hearsay objection to the affidavit was sustained. Petitioner did not attempt to explain the nature of the legal services for which he was claiming a deduction and provided no other identification or evidence of any deductions to which he might be entitled. Discussion
Section 6673(a)(1), as applicable to positions taken after December 31, 1989, in proceedings that are pending on or commenced after that date, directs the Court to make an award to the United States if it appears that proceedings have been instituted or maintained primarily for delay or if the taxpayer's position in such a proceeding is frivolous or groundless. (Other provisions of that section are not pertinent here.) Petitioner has the burden of proving that respondent's determination of unreported income and additions to tax is erroneous. Welch v. Helvering, 290 U.S. 111, 78 L. Ed. 212, 54 S. Ct. 8 (1933); Neely v. Commissioner, 85 T.C. 934, 947 (1985); *226 Rule 142(a), Tax Court Rules of Practice and Procedure. Although petitioner's trial memorandum attempted to excuse his failure to file returns, it is apparent from the changing nature of his protester arguments throughout the history of his prior case and this case that he did not rely on any of the beliefs that he now professes in failing to file tax returns. It is equally apparent that petitioner is merely engaged in a continuing and contumacious refusal to file returns or pay taxes that he owes. In petitioner's trial memorandum, he cited, among other things, United States v. Collins, 920 F.2d 619, 630-631 (10th Cir. 1990), in which the Court of Appeals for the Tenth Circuit mentioned in a footnote cases published in 1985 and 1986 and holding that tax forms are not information collection requests subject to the Paperwork Reduction Act. 920 F.2d at 630 n.12. Prior to the time that petitioner's returns were due for the years in issue, various courts had repeatedly and consistently held that the Paperwork Reduction Act did not apply to Internal Revenue forms. See, e.g., Cameron v. Internal Revenue Service, 593 F. Supp. 1540, 1556 (N.D. Ind. 1984), *227 affd. 773 F.2d 126 (7th Cir. 1985) (characterizing the taxpayers' claims as a whole as "patently frivolous"); cases cited in United States v. Barker, 1990 U.S. Dist. LEXIS 14057, 90-3 U.S. Tax Cas. (CCH) P50,490, 71-A A.F.T.R.2d (RIA) 4596 (N.D. Cal. 1990). More recently, in United States v. Crocker, 753 F. Supp. 1209, 1214-1216 (D. Del. 1991), a criminal prosecution for failure to file tax returns, the court held that instructions for Form 1040 are not required to set forth OMB numbers. The district court stated: The Supreme Court recently addressed the meaning of "information collection request" under the PRA [Paperwork Reduction Act] in Dole v. United Steelworkers of America, 494 U.S. 26, 110 S. Ct. 929, 108 L. Ed. 2d 23 (1990). The Court found that most items in the statutory definition are "forms for communicating information to the party requesting that information," and held that the "reporting and recordkeeping requirement" category is limited to "only rules requiring information to be sent or made available to a federal agency, [and] not disclosure rules." Id. 110 S. Ct. at 935. IRS instruction booklets are neither "forms for *228 communicating information" to the IRS nor "rules requiring information to be sent." They are simply publications designed to assist taxpayers to complete tax forms and more easily comply with an "information collection request." [4]
We agree with this analysis. The Court of Appeals for the Tenth Circuit in United States v. Collins, supra, also cited Lonsdale v. United States, 919 F.2d 1440, 1444 (10th Cir. 1990), in which the Court of Appeals stated: To this short list [set forth in the opinion] of rejected tax protester arguments we now add as equally meritless the additional arguments made herein that (1) the Commissioner of Internal Revenue and employees of the Internal Revenue Service have no power or authority to administer the Internal Revenue laws, including power to issue summons, liens *229 and levies, because of invalid or nonexistent delegations of authority, lack of publication of delegations of authority in the Federal Register, violations of the Paperwork Reduction Act, and violations of the Administrative Procedure Act, including the Freedom of Information Act; and (2) tax forms, including 1040, 1040A, 1040EZ and other reporting forms, are invalid because they have not been published in the Federal Register. We are confronted here with the taxpayers who simply refuse to accept the judgments of the courts. * * * [919 F.2d at 1448.]
Rather than supporting his claims of reliance, the authorities petitioner cites thus refute them. In any event, the Forms 1040 that petitioner was required to file all bore OMB numbers as required by the Paperwork Reduction Act. The additions to tax in issue here arose solely in relation to petitioner's failure to file Forms 1040 reporting his income, and the absence of numbers on any other forms is irrelevant, whether or not required. As the Court of Appeals for the Tenth Circuit stated in United States v. Collins, supra: [The defendant's attorney] lacked any arguable basis in fact *230 or law to argue that the noncompliance of the 1040 forms which defendant failed to file did not comply with the Paperwork Reduction Act: his argument is legally frivolous. See Neitzke v. Williams, 490 U.S. 319, 109 S. Ct. 1827, 1831, 104 L. Ed. 2d 338 (1989) (defining legal frivolousness). [920 F.2d at 631.]
As the Court of Appeals for the Fifth Circuit said in Crain v. Commissioner, 737 F.2d 1417 (5th Cir. 1984): We perceive no need to refute these arguments with somber reasoning and copious citation of precedent; to do so might suggest that these arguments have some colorable merit. The constitutionality of our income tax system -- including the role played within that system by the Internal Revenue Service and the Tax Court -- has long been established. * * * [737 F.2d at 1417-1418.]
In Crain, the Court of Appeals for the Fifth Circuit affirmed an award under section 6673 and added further costs on appeal, after describing the taxpayer's claim as "a hodgepodge of unsupported assertions, irrelevant platitudes, and legalistic gibberish. The government should not have *231 been put to the trouble of responding to such spurious arguments, nor this court to the trouble of 'adjudicating' this meritless appeal." 737 F.2d at 1418. See also Derksen v. Commissioner, 84 T.C. 355, 360-361 (1985); Billman v. Commissioner, 83 T.C. 534 (1984), affd. 270 U.S. App. D.C. 124, 847 F.2d 887 (D.C. Cir. 1988). The same may be said here. After petitioner was warned in our prior opinion, in the Court's Order in this case, and at the beginning of trial, he proceeded to make further frivolous arguments at his peril. See Bell v. Commissioner, 85 T.C. 436, 442-445 (1985). Simply hopping from one frivolous position to another cannot insulate him from the statutorily prescribed consequences. Petitioner's conduct was patently willful, and his positions were taken in bad faith. Those positions are frivolous and groundless, and we conclude that this case has been instituted and maintained primarily for delay. A penalty in the amount of $ 5,000 will be awarded to the United States. Decision will be entered for the respondent. Footnotes
*. 50 percent of the interest due on $ 2,306.↩
**. 50 percent of the interest due on $ 2,182.↩
4. If the taxpayer had to rely on the instruction booklet to create his or her own form 1040, we would come to a different conclusion. [753 F. Supp. at 1216↩.]