Daniel B. **AHLBERG**, M.D., individually and as Administrator of Metropolitan Neurosurgery, PA Pension Plan and of Metropolitan Neurosurgery, PA Profit Sharing Plan, Plaintiff,

v.

**UNITED STATES of America,**
**Defendant.**

Civ. No. 3–90–0038.

United States District Court,
D. Minnesota,
Third Division.

Dec. 9, 1991.

---

**626**

Daniel B. Ahlberg, pro se.

Phyllis Jo Gervasio, U.S. Dept. of Justice, Tax Div., Off. of Sp. Litigation, Washington, D.C., for defendant.

## MEMORANDUM AND ORDER

MAGNUSON, District Judge.

## I. INTRODUCTION

This matter is before the court upon defendant's motion for summary judgment. The plaintiff is Daniel Ahlberg, individually and as administrator of Metropolitan Neurosurgery Pension Plan and Profit Sharing. Ahlberg seeks to recover $10,725.92, plus interest and costs, which was paid to the Internal Revenue Service (IRS) as payment for excise tax deficiencies. For the following reasons the court denies defendant's motion for summary judgment and grants summary judgment for the plaintiff sua sponte.

## II. FACTS

The following facts are essentially undisputed. On January 16, 1990 Ahlberg (and Metropolitan Neurosurgery) established a Pension and Profit Sharing Plan. Ahlberg is the only shareholder and employee of the corporation. On June 19, 1980 Ahlberg borrowed $14,750 from the pension plan and $22,125 from the profit sharing plan. Each borrowing was evidenced by a promissory note and secured by a real estate mortgage. These mortgages were recorded 10 months later on April 16, 1981. On July 15, 1982, Ahlberg borrowed an additional $50,000 from the pension plan. Again the borrowing was evidenced by a promissory note secured by a mortgage in real estate. This mortgage was recorded two and one half years later, on January 10, 1985.

## III. DISCUSSION

This case presents two issues. The first is whether plaintiff is subject to a 5% excise tax within the provisions of 26 U.S.C. § 4971 for under funding the pension plan that resulted from the book entry errors when allocating compensation between the pension fund and the profit sharing fund. The second issue is whether the loans to Ahlberg by the Pension Fund and the Profit Sharing Fund were prohibited transactions under the provisions of 26 U.S.C. § 4975 because they were not adequately secured. A court shall render summary judgment when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R.Civ.P. 56(c) 1987. A district court may grant summary judgment for the non-movant sua sponte. *In re Caravan Refrigerated Cargo, Inc.*, 864 F.2d 388, 393 (5th Cir.1989). See also *Dickeson v. Quarberg*, 844 F.2d 1435, 1444 n. 8 (10th Cir.1988); *Leahy v. District of Columbia*, 833 F.2d 1046, 1047 (D.C.Cir.1987); *National Expositions v. Crowley Maritime Corp.*, 824 F.2d 131, 133 (1st Cir.1987).

ISSUE 1: *Excise Tax of 5% On Under Funding of Pension Plan*

Plaintiff claims under 26 U.S.C. 4971 that the underfunding was merely bookkeeping errors since the maximum allowable contributions were made in each year. Thus, the total contribution was correct; however, it was incorrectly allocated between the pension plan and the profit sharing plan. Plaintiff correctly contributed the maximum allowable contribution, $36,875.00, in 1980, $41,500 in 1981 and $30,000 in 1984. Further, in each instance the entire funds were actually paid to a commingled money market account for the benefit of the plans. These entries were simply corrected by a book entry requiring no transfer of funds or no loss in interest. The plaintiff is the sole beneficiary of both

the Profit Sharing Plan and the Pension Plan. The misallocation between the funds caused him or the plans no harm, nor did it give plaintiff any extra benefit which he could not have enjoyed had the error not occurred. (*See Ray Cleaners, Inc. v. Commissioner*, 27 T.C.M. 23 (1968) where an the court stated, "We do not think, however, that an inadvertent omission disqualifies a plan.") Accordingly, plaintiff's misallocation of funds between the pension plan and the profit sharing plan were merely bookkeeping entries and therefore an excise tax for under funding is inappropriate. A district court may grant summary judgment for the non-moving party sua sponte. *In re Caravan Refrigerated Cargo*, at 393. Because no material fact issues remain, the court grants summary judgment to the plaintiff. Therefore, defendant's motion for summary judgment with respect to the claim of underfunding the pension plan is DENIED.

ISSUE II. *Whether the loans from the Pension Plan and Profit Sharing Plan to Ahlberg were prohibited transactions within the meaning of 26 U.S.C. 4975 and therefore subject to excise tax.*

■ Section 4975 of the Internal Revenue Code (26 U.S.C. § 4975) imposes a tax on each "prohibited transaction", equal to 5% of the amount involved. The parties do not dispute that Ahlberg, as sole shareholder of the pension and profit sharing plan, is a disqualified person and that the borrowing of money from the plan would normally be a "prohibited transaction". However, § 4975(d) allows such lending if the loan is "adequately secured." Thus, the primary issue becomes whether or not the loans to Ahlberg by the plans were "adequately secured".

Regulation 1.503–(b)–1(b) defines the term "adequate security" for purposes of section 4975 as follows:

"the term adequate security means something in addition to and supporting a promise to pay, which is so pledged to the organization that it may be sold, foreclosed upon, or otherwise disposed in default of repayment of the loan[.]"

Revenue Ruling 80–269 provides further that such a loan should be recorded as soon as practicable. Rev.Rule 80–269, 1980–2 C.B. 191.

Each of Ahlberg's loans were secured by a real estate mortgage; however, the mortgages were not recorded until ten months and two and one half years later, respectively. Defendant argues that the delay in recording made the mortgages "unenforceable against third parties, and in turn, harmed the plan." The court disagrees in that no harm was suffered by the plans. While it is true delay in recording created the opportunity for a third party to establish a lien against the property with rights superior to Ahlberg's mortgage, such events did not occur. For the plan to have been harmed by Ahlberg's delay in recording, first Ahlberg would have had to default on his loan payments. Second, a third party would have had to establish a lien on the mortgaged real estate with priority over Ahlberg's mortgage. However, neither of these events occurred. All payments of principal and interest were timely made and no third parties obtained a lien against the real estate. Furthermore, Ahlberg is the sole beneficiary of the plan. Thus, any harm to the plan is only harm to him. See *Ludden v. Commissioner*, 68 T.C. 826 (1987) (Court made a distinction between violations of the law which resulted in a benefit or harm to someone, as opposed to those which did neither, calling the difference "important"). Because no material issues of fact remain, the court grants summary judgment to plaintiff sua sponte. Therefore, defendant's motion for summary judgment with respect to the claim that plaintiff's loans were not adequately secured is DENIED.

Accordingly, IT IS ORDERED that:

1. Defendant's motion for summary judgment is DENIED.

2. The court sua sponte grants summary judgment in favor of plaintiff for the amount $10,725.92.

LET JUDGMENT BE ENTERED ACCORDINGLY.