ROBERT AND NANCY PAGLIARULO, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Pagliarulo v. Commissioner
Docket No. 12613-92
United States Tax Court
T.C. Memo 1994-506; 1994 Tax Ct. Memo LEXIS 516; 68 T.C.M. (CCH) 917; October 12, 1994, Filed *516 Decision will be entered for respondent. P received worker's compensation benefits as a result of an injury sustained as a welder. In addition, P received interest pursuant to Massachusetts law on the amount of benefits accruing from the date P made a claim for benefits until the time P was paid the benefits. P excluded the interest received under sec. 104(a)(1), I.R.C.
In the same year, Ps sold their principal residence and moved into a residence that they had purchased nearly four years previously. Ps excluded a portion of the gain realized on the sale of their residence pursuant to sec. 1034(a), I.R.C.
1. Held: Sec. 104(a)(1), I.R.C., does not authorize exclusion of interest awarded pursuant to a State statute for the delayed payment of worker's compensation benefits. Kovacs v. Commissioner, 100 T.C. 124 (1993), affd. without published opinion 25 F.3d 1048 (6th Cir. 1994), applied. 2. Held, further, Ps may not defer recognition of any portion of the gain realized on the sale of their principal residence under sec. 1034(a), I.R.C., because they had purchased their new residence more than two years *517 prior to the sale of the old residence. 3. Held, further, Ps are liable for additions to tax for failing to timely file under sec. 6651(a)(1), I.R.C, for negligence under sec. 6653(a), I.R.C., and for substantial understatement of tax under sec. 6661(a), I.R.C.
For petitioners: Judah J. Rubin. For respondent: William T. Hayes and Robert M. Finkel. NIMS
NIMS
MEMORANDUM OPINION NIMS, Judge: Respondent determined a deficiency in Federal income tax with respect to petitioners' 1988 return in the amount of $ 34,296.15 and additions to tax in the amount of $ 12,243.94. Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the year in issue. All Rule references are to the Tax Court Rules of Practice and Procedure. The issues for decision are: (1) Whether interest awarded to Robert Pagliarulo pursuant to Massachusetts law in connection with his worker's compensation award is excludable from gross income under section 104(a)(1); (2) whether petitioners may defer recognition of gain from the sale of their principal residence in 1988 under section 1034(a); (3) whether petitioners are entitled to deduct certain expenses claimed *518 on their 1988 return relating to their holding of rental residential property; and (4) whether petitioners are subject to the additions to tax under sections 6651(a)(1) (failure to file a timely return), 6653(a) (negligence), and 6661(a) (substantial understatement of income tax). When this case was called for trial, petitioners conceded that they failed to include interest income in the amount of $ 3,084, and dividend income in the amount of $ 62, on their 1988 return. All the facts have been stipulated and are found accordingly. The stipulation of facts and the attached exhibits are incorporated herein by this reference. Petitioners are Robert and Nancy Pagliarulo, husband and wife (hereinafter references to petitioner in the singular are to Robert). On April 27, 1989, petitioners filed a joint income tax return for the taxable year ended 1988. Petitioners resided in Saugus, Massachusetts, at the time their petition was filed. Petitioner's Worker's Compensation Claim
In May of 1980, petitioner began employment with G.C.A. Corporation in Somerville, Massachusetts, as a welder performing burner fabrication. On October 5, 1981, while petitioner was attempting to relight *519 his welding torch, he was hurled against a steel rack as the result of an explosion. As a consequence, petitioner suffered a concussion followed by numerous post-traumatic symptoms. Shortly thereafter, petitioner was no longer able to work and eventually sought medical treatment for his symptoms. Petitioner was diagnosed as suffering from post-concussion syndrome and depression. Petitioner filed for worker's compensation benefits under the Massachusetts Workmen's Compensation Act (Act), Mass. Gen. L. ch. 152 (1989). He was granted a conference under section 7 of the Act and on October 23, 1985, an order was issued declining benefits. Petitioner appealed the order and was granted a hearing de novo before an Administrative Law Judge of Industrial Accidents. On March 31, 1988, the Administrative Law Judge granted benefits to petitioner as a result of permanent disability. Petitioner was awarded two-thirds of his average weekly salary of $ 330.40 from October 9, 1981 through December 31, 1987, pursuant to section 34 of the Act. In addition to the above, in 1988 petitioner received from Liberty Mutual Insurance Company an interest payment of $ 19,222 pursuant to section 50 of *520 the Act. Section 50 of the Act provides: Whenever compensation is not paid within sixty days notice to the insurer that compensation is claimed to be due an injured employee or his dependents, and there are one or more hearings on any question involving the said compensation, including appeals, and the decision is in favor of the employee or his dependents, interest at the rate of twelve per cent per annum from the date of the receipt of the notice of the claim by the board to the date of payment shall be paid by the insurer on all sums due as compensation to such employee or his dependents. Whenever such claims include weekly payments, interest shall be computed on each unpaid weekly payment. [Mass. Ann. Laws ch. 152 sec. 50 (Law. Co-op. 1989).]
Petitioners did not include on their 1988 return any of the interest received pursuant to section 50 of the Act. Petitioners' Real Estate Activities
In 1988, petitioners owned two parcels of residential rental property -- the Appleton property and the Western property. The Appleton property had three units, two of which were rented. The other served as petitioners' principal place of residence until August 15, 1988, at *521 which time petitioners sold the Appleton property. Petitioners purchased the Western property on October 10, 1984. The Western property had two units, both of which were rented prior to August 15, 1988, at which time petitioners moved into one unit as their new residence. On the sale of the Appleton property petitioners realized a gain of $ 139,832, of which $ 49,505 was reported on petitioners' 1988 return. Additionally, in 1988 petitioners deducted $ 25,622 in rental expenses relating to both the Appleton and Western properties. Respondent's notice of deficiency disallowed $ 17,832 of these deductions. Petitioners have not offered any evidence to substantiate their claimed deductions. At the outset we note that this case was submitted without trial and petitioners have not filed a brief despite being given ample opportunity to do so. Consequently, we cannot make reference to petitioners' arguments -- they have not made any. Interest Received on Worker's Compensation Award
Section 61(a) provides that gross income includes "all income from whatever source derived" unless otherwise provided. Section 61(a)(4) specifically includes interest in gross income. Section *522 104(a)(1) provides an exclusion for "amounts received under workmen's compensation acts as compensation for personal injuries or sickness." Respondent argues that the interest received by petitioner pursuant to section 50 of the Act is not excludable from gross income under section 104(a)(1). In support, respondent argues that section 104(a)(1) does not exclude from gross income interest payable under a section of the worker's compensation act, section 50 of the Act, which is entirely separate from the section providing compensatory benefits redressing the injury. We have recently addressed a closely related issue in Kovacs v. Commissioner, 100 T.C. 124 (1993), affd. without published opinion 25 F.3d 1048 (6th Cir. 1994). The issue in the Kovacs case was whether section 104(a)(2) excluded from gross income interest received pursuant to a Michigan statute on an award of damages for wrongful death. We held that it did not. Section 104(a)(2) provides in pertinent part that "gross income does not include * * * the amount of any damages received (whether by suit or agreement and whether as lump sums or as periodic payments) *523 on account of personal injuries or sickness." The taxpayers in the Kovacs case essentially argued that because section 104(a)(2) allows exclusion of periodic payments, which inherently contain an interest or time value of money component, Congress thereby intended to also exclude interest awarded on the damages recovered. We rejected this argument. We believe that the holding in the Kovacs case controls the disposition of the present case for two reasons. First, although the Kovacs case involved the interpretation of section 104(a)(2), there appears to be no conceptual distinction to be drawn between interest on a personal injury or sickness award under section 104(a)(2) and interest on a worker's compensation award under section 104(a)(1). As we held in Kovacs, interest on damages is not "damages" within section 104(a)(2), Kovacs v. Commissioner, supra at 130; nor is interest "compensation" under workmen's compensation acts for personal injuries or sickness for purposes of section 104(a)(1). Secondly, in the Kovacs case the interest was awarded pursuant to a Michigan statute which provided for accrued interest from the date *524 the action was commenced until the date the judgment was satisfied. We emphasized the fact that the interest was awarded pursuant to a statute separate from the Michigan wrongful death statute that was the basis of the taxpayers' substantive claim for damages. Kovacs v. Commissioner, supra at 130-131. Similarly, in this case petitioner was awarded interest pursuant to section 50 of the Massachusetts Act which is separate and distinct from compensatory benefits awarded for disability under section 34 of the Act. Although both sections are part of the same Act, according to the Supreme Judicial Court of Massachusetts interest awarded pursuant to section 50 of the Act is not part of the "compensation payable to an injured employee" under the Act; rather the Court held that "interest is compensation for the delay in receiving that to which the recipient is forthwith entitled." In Re Murphy's Case, 224 N.E.2d 462, 464 (Mass. 1967). Therefore, in light of the purpose for which interest is awarded under section 50 of the Act and our decision in the Kovacs case, we hold that petitioner may not exclude the interest *525 awarded under section 104(a)(1). Gain on the Sale of Petitioners' Principal Residence
Petitioners concede that they realized a gain of $ 139,832 on the sale of the Appleton property on August 15, 1988. Section 1001(c) provides in pertinent part that "except as otherwise provided * * * the entire amount of the gain or loss * * * on the sale or exchange of property shall be recognized." Section 1034(a) provides in pertinent part: (a) NONRECOGNITION OF GAIN -- If property (in this section called "old residence") used by the taxpayer as his principal residence is sold by him and, within a period beginning 2 years before the date of such sale and ending 2 years after such date, property (in this section called "new residence") is purchased and used by the taxpayer as his principal residence, gain (if any) from such sale shall be recognized only to the extent that the taxpayer's adjusted sales price * * * of the old residence exceeds the taxpayer's cost of purchasing the new residence. [Emphasis added.]
Petitioners resided in one unit and rented out the other two units of the Appleton property. However, this fact does not disqualify the Appleton property as petitioners' *526 principal place of residence within the meaning of section 1034(a). See secs. 1.1034-1(c)(3)(i) and (ii), Income Tax Regs.
Petitioners concede that they purchased the Western property (new residence) on October 10, 1984, and sold the Appleton property (old residence) on August 15, 1988. Petitioners included on their return a portion of the gain on the sale attributable to the rental portion of the Appleton property as is required by section 1.1034-1(c)(3)(ii), Income Tax Regs. However, petitioners were not permitted to defer any of the gain because they did not purchase the Western property within two years before or after the date on which they sold the Appleton property as required by section 1034(a). The time requirement of section 1034(a) must be strictly complied with. See Bayley v. Commissioner, 35 T.C. 288 (1960). Therefore, we hold that no portion of the gain realized on the sale of the Appleton property may be deferred under section 1034(a). Deductions Relating to Petitioners' Rental Real Estate
Section 62(a)(4) allows the deduction of expenses attributable to property held for the production of rents or royalties. Respondent's *527 disallowance of the claimed deductions is presumed correct and petitioners bear the burden of proof that the claimed deductions were proper. Rule 142(a). Petitioners have offered no evidence to substantiate the deductions claimed on their return relating to their holding of the Appleton and Western properties, and to the extent disallowed by respondent, her determination of these amounts is presumed correct. Additions to Tax
Section 6072(a) provides that the return of a calendar year taxpayer is due on the 15th day of April following the close of the calendar year. Section 6651(a)(1) provides a five-percent addition to tax on the amount of tax due if the return is filed no later than one month after the due date, unless the taxpayer demonstrates good cause for the late filing. Petitioners have the burden of proving that additions to the tax determined by respondent are not applicable. Billman v. Commissioner, 83 T.C. 534, 541 (1984) affd. 847 F.2d 887 (D.C. Cir. 1988); Bixby v. Commissioner, 58 T.C. 757, 791-792 (1972). Petitioners are calendar year taxpayers; therefore their 1988 *528 return was due on April 17, 1989 (April 15, 1989, was a Saturday, so the due date was extended to the following Monday. Sec. 7503.) Petitioners filed their 1988 return on April 27, 1989. Petitioners were not granted an extension of time within which to file. They have not offered any evidence that their failure to timely file was due to reasonable cause. Therefore, we hold that petitioners are liable for the addition to tax under section 6651(a). Section 6653(a)(1) imposes an addition to tax if any portion of an underpayment is due to negligence or intentional disregard of the rules or regulations. Petitioners have the burden to demonstrate that the omitted items of gross income and overstated deductions reflected on their return were not the product of negligence or an intentional disregard of rules or regulations. Petitioners failed to satisfy this burden. Therefore, we hold that petitioners are liable for the addition to tax under section 6653(a)(1). Section 6661(a) provides that a taxpayer whose income tax return contains a substantial understatement of tax may be liable for an addition to tax equal to 25 percent of the underpayment attributable to such understatement. *529 Under section 6661(b)(1)(A) an understatement is substantial if it exceeds the greater of 10 percent of the tax required to be shown on the return or $ 5,000. Under section 6661(b)(2)(B)(i) the amount of the understatement may be reduced by any portion of the understatement attributable to the tax treatment of any item for which there is substantial authority. Under 6661(b)(2)(B)(ii) the understatement may also be reduced by any portion of the understatement attributable to the tax treatment of any item for which the relevant facts affecting the treatment of the item were adequately disclosed in the return or in an attachment to the return. Again, petitioners have the burden to demonstrate the addition to tax determined by respondent was not applicable. On their 1988 return, petitioners reported tax due in the amount of $ 4,806. Respondent determined that the correct amount of tax was $ 39,102.15 after accounting for petitioners' improper exclusions and deductions from gross income. There was an underpayment of $ 34,296.15, which exceeds the greater of $ 5,000 or $ 3,910.22 (10 percent of the tax required to be shown on the return). Thus, the understatement was substantial *530 as provided in section 6661(b)(1)(A). Further, petitioners have not offered any evidence that there was substantial authority for the treatment of the items in dispute, nor have they demonstrated that the relevant facts affecting the tax treatment of the disputed items were adequately disclosed in their return. Therefore, we hold that petitioners are liable for an addition to the tax under section 6661(a). To reflect the foregoing, Decision will be entered for respondent.