JESSIE R. WILLIAMS, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Williams v. Commissioner
Docket No. 8133-75
United States Tax Court
T.C. Memo 1976-348; 1976 Tax Ct. Memo LEXIS 58; 35 T.C.M. (CCH) 1591; T.C.M. (RIA) 760348; November 15, 1976, Filed Robert F. Fleming, Jr., for the petitioner. Dean F. Chatlain, for the respondent. DAWSON
MEMORANDUM FINDINGS OF FACT AND OPINION DAWSON, Chief Judge: This case was assigned to and heard by Special Trial Judge Lehman C. Aarons, pursuant to Rules 180 and 182, Tax Court Rules of Practice and Procedure. The parties have filed no exceptions of law or fact to Special Trial Judge Aarons' report. The Court agrees with and adopts his opinion which is set forth below. OPINION OF THE SPECIAL TRIAL JUDGE AARONS, Special Trial Judge: Although this case was scheduled for trial as a small tax case under section 7463 of the Code, [1] when the case was called for trial at New Orleans, Louisiana, on April 2, 1976, petitioner stated that she did not wish to forego her right to appeal. *59 The Court accordingly ordered that the letter "S" be deleted from the docket number and that the case be tried as a regular Tax Court case. Rule 172(d), Rules of Practice and Procedure of the United States Tax Court. Respondent determined a deficiency in petitioner's 1972 federal income tax in the amount of $856.63. The sole issue before us is whether petitioner is required to report one-half of her husband's income because of the Louisiana community property laws. FINDINGS OF FACT All of the facts have been stipulated and are so found. Petitioner filed her separate 1972 federal tax return with the Internal Revenue Service Center at Austin, Texas. At the time the petition in this case was filed, petitioner's legal residence was 718 Third Street, New Orleans, Louisiana. Petitioner is married to Harold Williams, also a resident of New Orleans. She and her husband have lived separate and apart since 1968 although neither has obtained a divorce nor a legal separation from bed and board. In 1972 Mrs. Williams was employed as a licensed practical nurse for *60 the Veteran's Administration. She filed a separate return reporting her income from her employment. Harold Williams was employed at a bakery in 1972 and also filed a separate return. As a result of an audit of Mr. Williams' return, respondent determined that petitioner's husband could not substantiate several deductions. However, it was respondent's view that the husband was the owner of only one-half of his reported income because of Louisiana's community property laws and that petitioner was required to report and pay tax on the other half of Mr. Williams' income for 1972. Respondent correspondingly determined that petitioner was entitled to one-half of the payment credits represented by his payroll withholdings. The parties have stipulated that if the legality of respondent's adjustment is sustained, additional income of $4,364.50 was reportable by petitioner, and additional deductions of $378 may be claimed by petitioner. OPINION Whether a taxpayer incurs a federal income tax liability for community property income is determined by the "ownership" of the income and "ownership" with respect to community property is determined by state law. Poe v. Seaborn,282 U.S. 101 (1930). *61 Case law and statutes of the particular state must be reviewed to determine the extent of the separate ownership of the marital community income by the husband and wife. If it is determined that, according to the state law, the wife has a vested interest in the community income she is required to report one-half of her husband's earnings on her separate return. United States v. Malcolm,282 U.S. 792 (1931).
The extent of a married woman's "ownership" of community income in Louisiana and the tax liability of married but separated women in Louisiana was fully reviewed by the Supreme Court in United States v. Mitchell,403 U.S. 190 (1971). That case held that a married woman in Louisiana has a present vested interest in community property equal to that of her husband and is personally liable for federal income taxes on her one-half interest in community income realized during the existence of the community. [2]
*62 Louisiana law on this issue and the impact of a Louisiana case [3] decided after United States v. Mitchell,supra, were recently examined in depth by this Court in Aimee D. Bagur,66 T.C. 817 (1976), which is controlling here. It was found that there has been no change in Louisiana law which alters the long-standing rule that in Louisiana a wife owns a vested one-half interest in her husband's income and must report such income. Petitioner's case can not be distinguished in any material respect from Aimee D. Bagur,supra. On the basis of that case it is concluded that respondent's determination herein must be sustained. * * *
In accordance with the foregoing, Decision will be entered for respondent. Footnotes
1. Statutory references are to the Internal Revenue Code of 1954, as amended, unless otherwise indicated.↩
2. It is specified by Louisiana statute, La. Civ. Code Ann.↩ art. 2334 (West 1972), that a wife's earnings while she is living separate and apart from her husband are her separate property. Thus no suggestion was made that Harold Williams has an obligation to report part of petitioner's income.
3. Creech v. Capitol Mack, Inc.,287 So.2d 497 (La. 1973↩).