NORMAN REISS and ELAINE REISS, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent MAXINE REISS, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Reiss v. Commissioner
Docket Nos. 8527-76 8639-76.
United States Tax Court
T.C. Memo 1978-57; 1978 Tax Ct. Memo LEXIS 457; 37 T.C.M. (CCH) 298; T.C.M. (RIA) 780057; February 14, 1978, Filed Allan Shoopak, for petitioners in Docket No. 8527-76. Maxine Reiss, pro se. Joseph P. Maselli, for respondent. DAWSON
MEMORANDUM OPINION DAWSON, Judge: This case was assigned to and heard by Special Trial Judge Charles R. Johnston, pursuant to the provisions of section 7456(c) of the Internal Revenue Code of 1954, as amended, and General Order No. 5 of this Court, 67 T.C. XXI. [1] The Court *458 agrees with and adopts the Special Trial Judge's opinion which is set forth below. OPINION OF SPECIAL TRIAL JUDGE JOHNSTON, Special Trial Judge: Petitioner, Maxine Reiss, in Docket No. 8639-76 refused a suggestion of the Court that her case be tried as a small tax case under the provisions of section 7463 because she wished to reserve her right to appeal. Therefore, the Court granted respondent's motion to change Docket No. 8527-76S to Docket No. 8527-76 for trial as a regular case. It further granted respondent's motion to consolidate Docket No. 8527-76 and Docket No. 8639-76 for trial, briefing and opinion. The respondent determined a deficiency in Docket No. 8527-76 for the taxable year 1974 in the amount of $1,127.00; he determined a deficiency in Docket No. 8639-76 for the same year in the amount of $657.00. The issue for decision is whether petitioners Norman Reiss and Elaine Reiss, or petitioner Maxine Reiss, are entitled to claim deduction for dependency exemptions for the three children of Norman *459 Reiss and Maxine Reiss. Some of the facts have been stipulated by the parties and those facts are so found. The legal residence of petitioners Norman and Elaine Reiss on September 14, 1976, the date of filing the petition for Docket No. 8527-76, was 21 Cayuga Way, Short Hills, New Jersey 07078. Petitioner Maxine Reiss' legal residence on September 17, 1976, the date of filing the petition in Docket No. 8639-76, was 35 North Crescent, Maplewood, New Jersey 07040. Maxine was the sole owner of the residence in 1974. The statutory notice of deficiency for Norman and Elaine Reiss for the year 1974 and for Maxine Reiss for the year 1974 were both mailed by the District Director, Newark, New Jersey, on June 16, 1976. Maxine Reiss concedes the disallowance by respondent of miscellaneous deductions in the amount of $173.00. Norman and Maxine Reiss were married on December 27, 1953 and were divorced on April 27, 1973, pursuant to a final judgment of divorce of the Superior Court of New Jersey. Three children were born of the marriage, Eric, Kevin and Sue Ellen. In 1974, Eric was 19 years of age, Kevin was 18 years of age, and Sue Ellen was 17 years of age. Maxine was awarded *460 custody of the three children. Eric Reiss attended the California Institute of Arts during the spring and fall semesters of 1974. Kevin Reiss attended Rutgers University during the fall semester of 1974. Sue Ellen Reiss moved in with Norman and Elaine Reiss in September 1974, after having lived with Maxine until that time. During the year 1974 Norman and Elaine Reiss resided at 90 Lyons Place, Springfield, New Jersey 07081. Norman and Elaine Reiss and Maxine Reiss each claimed the three children as dependents on their respective 1974 income tax returns. In his notices of deficiencies the respondent disallowed the claimed dependency exemptions to all petitioners. The decree of divorce required Norman to pay Maxine $12,000 a year for the support of the three children to be divided equally among them. In addition, he was required to pay all college expenses for the children. Support for a child attending college out of the State of New Jersey and living away from home was to be reduced by one-half. As each child became emancipated, $1,500 of that child's annual support became payable to Maxine as alimony. Norman was also required to pay all medical, dental and prescription *461 drug bills incurred for the children. The decree did not provide that Norman shall be entitled to any dependency exemption allowable under section 151 for any of the three children. However, Norman provided more than $1,200 for the support of the children in 1974 so that Maxine must clearly establish that she provided more for the support of each such child than did Norman. Section 152(e)(2)(B)(i) and (ii) of the Code. We have carefully reviewed the record herein and we find the parties made contributions toward the support of the three children in 1974 as follows: Household Expenses
Fair Rental Value of Maxine's Residence
$8,028.00
Food
5,422.83
Utilities: Gas & Electric
$1,615.53
Telephone
797.49
Water Softener
93.75
Garbage Collection
55.80
2,562.57
Household Supplies
284.04
Postal Expense
50.00
Safe Deposit Box
32.00
Household Repairs
1,763.85
Cleaning woman
2,240.00
Gardening/snow shoveling help
550.00
Miscellaneous
97.56
Total
$21,030.85
Expenses for Dependents
Eric
Kevin
Sue Ellen
Clothing
$ 252.63
$ 453.74
$ 886.27
Gifts
1,510.00
45.85
0
College Expenses
1,350.00
61.51
119.28
Sound Track, etc.
41.48
0
0
Books, Magazines,
Records
14.06
25.18
13.27
Recreation (incl.
swim club)
58.25
58.25
58.25
Contributions (PWP)
5.00
5.00
5.00
Allowance
140.00
360.00
350.00
Haircuts
12.00
12.00
50.00
Accountant's fees
6.25
6.25
0
Pets
21.00
0
0
Veterinary
11.50
11.50
18.50
Drugstore supplies
5.73
13.41
0
Tuxedo Rental
30.00
0
0
Music
36.00
0
0
Dry cleaning
3.25
16.05
16.35
Advertisement
0
3.15
0
Drivers License
0
0
11.00
Shoe Repair
0
0
2.00
Cash (errands)
0
0
7.00
Automobile Expense
$ 142.57
$ 617.80
$ 522.75
Total
3,639.72
1,689.69
2,059.67
1/4 of House-
hold expenses
+5,257.71
+5,257.71
+4,588.71 *
Total
8,897.43
6,947.40
6,648.38
Contributed by
Norman by
Court Order
-2,423.52
-3,423.45
-2,615.62
Contributed by
Maxine
$6,473.91
$3,523.95
$4,032.76
Contributed by
Norman by
Court Order
$2,423.52
$3,423.45
$2,615.62
Add. contributed
by Norman in
cash
+4,337.90
+2,408.30
+2,134.50
Total contributed
by Norman
$6,761.42
$5,831.75
$4,750.12
*462 Petitioner Maxine Reiss' expert witness arrived at an estimated fair rental value for her house of $20,739.00 per annum. He based his estimate of the fair rental value of Maxine's house on her "total costs of operating the house." His testimony may be summed up as follows: "And, I took these bills that were submitted to me by yourself, and totaled them up, and common sense just told me that this is what the house cost you; I added some depreciation for furniture; I added depreciation for your real estate, and I gave you 10%, which is the lowest possible percentage for something on your money -- on your investment." He conceded there were no comparable rentals in the area. Although he testified to apartment rentals in Verona, there is no evidence in the record of the relationship of Verona to Maplewood in which Maxine's residence is located. Moreover, he did concede he did not know "how willing anybody would be to rent it for [his estimated fair rental value]." We do not think Maxine's witness has established the fair rental value of the property. The fair rental value is not determined by what or how much cash is spent *463 in furnishing a dependent lodging, but rather by the amount a willing landlord would accept and a willing tenant would pay as rent. All that has been established by this witness is a landlord's asking price. Cf. Blarek v. Commissioner,23 T.C. 1037 (1955). However, counsel for Norman established on cross-examination that the fair market value of the house was $80,288. There is no way on this record that we can estimate the fair rental value of the furnishings and furniture in the house. The description of the furniture and furnishings is in vague, general terms. However, since the fair market value of the house yields some estimate of its rental value, the fair rental value is determined to be $8,028 per annum. This conclusion is reached despite the failure of Maxine to establish a fair rental value, and it is as close an approximation as can be made, bearing heavily upon Maxine whose inexactitude is of her own making. Cohan v. Commissioner,39 F. 2d 540, 544 (2nd Cir. 1930). Maxine claimed charitable contributions in the amount of $367 as child support items. We hold they are not child support items except as to the amount allowed for contributions *464 to Parents Without Partners (PWP). She also claimed legal and accounting expenses in the amounts of $407.30 and $283.00, respectively, as child support items; we hold they are her personal expenses and not child support items. Accounting expenses incurred for preparation of Eric's and Kevin's income tax returns were allowed as child support items. Norman and Elaine claimed certain expenses incurred in furnishing and decorating a bedroom used by Sue Ellen in the last four months of 1974 which have not been allowed; they failed to establish the fair rental value of the room for the period it was occupied by Sue Ellen. Maxine disagreed with certain claimed expenses of Norman and Elaine which they claimed as child support expenses; we have carefully considered her objections but find that the expenses were support as claimed. It appearing that Norman has contributed $6,761.42, $5,831.75, and $4,750.12 toward the support of Eric, Kevin and Sue Ellen, respectively, and that Maxine has contributed $6,473.91, $3,523.95 and $4,032.76 toward the support of Eric, Kevin and Sue Ellen, respectively in 1974, Norman is entitled to claim a dependency exemption for each of the children and Maxine *465 is not entitled to any of the exemptions. Accordingly, Decision will be entered for petitioners in Docket No. 8527-76
Decision will be entered for respondent in Docket No. 8639-76
Footnotes
1. Pursuant to General Order No. 5 the post-trial procedures set forth in Rule 182 of this Court's Rules of Practice and Procedure are not applicable to this case.↩
*. Fair rental value for Sue Ellen reduced by $669.↩