**Earl G. and Donna R. COLE, Petitioners–Appellants,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent–Appellee.**

No. 90–70629.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 6, 1991.*

Decided March 4, 1992.

---

* The panel finds this case appropriate for submission without oral argument pursuant to Ninth

Circuit Rule 34–4 and Fed.R.App.P. 34(a).

Robert T. Gilleran, Los Angeles, Cal., for petitioners-appellants.

Shirley D. Peterson, Asst. Atty. Gen., for respondent-appellee.

Before BROWNING, FERGUSON and REINHARDT, Circuit Judges.

FERGUSON, Circuit Judge:

Taxpayers Earl and Donna Cole appeal from a decision of the Tax Court requiring them to pay to the Commissioner of Internal Revenue a deficiency in the amount of $7,659 for the taxable year 1982. We dismiss the appeal for lack of jurisdiction.

## BACKGROUND

In a notice of deficiency issued on February 24, 1986, the Commissioner of Internal Revenue notified taxpayers Earl and Donna Cole that they were liable for a tax deficiency of $5,651 and additions to tax for the taxable year 1982. In response to the notice of deficiency, the Coles filed a petition *pro se* in the Tax Court for a redetermination of their liability. The petition stated that the petitioner elected to have the case proceed as a "small tax case" and that such cases are not appealable to higher courts.

The Coles subsequently retained counsel, and the case was assigned to Special Trial Judge John J. Pajak as part of a group of cases known as the "U.S. Mining and Manganese cases." The Coles did not request removal of the "small tax case" designation from their case, nor did the Tax Court order the designation removed.

When the case was called on January 22, 1990, counsel stated that the parties had agreed on a basis for settlement and read the terms into the record. The Tax Court also granted the Coles time to submit documentation supporting their claim that they were entitled to use the income averaging method to recalculate their tax liability. The documentation later submitted by the Coles indicated that the Coles' true tax liability for 1982 was $7,659. The Tax Court ultimately granted the Commissioner's motion for entry of decision in this amount plus an addition to tax in the amount of $766 pursuant to § 6661 of the Code.

The Coles did not file a motion for reconsideration pursuant to Tax Court Rule 161 or a motion to vacate or revise the decision pursuant to Rule 162. Appellants now appeal the decision to this court.

## DISCUSSION

■ Section 7463 of the Internal Revenue Code provides that a taxpayer who seeks redetermination of his individual income tax liability, where the amount of deficiency or overpayment does not exceed $10,000 for any one taxable year, may elect to have the case proceed according to a special set of Tax Court rules governing "small tax cases." 26 U.S.C. § 7463(a); Tax Ct.R. 171. The section also provides that a decision entered in a small tax case "shall not be reviewed in any other court." 26 U.S.C. § 7463(b); *see also* 26 U.S.C. § 7481(b). We must dismiss for lack of jurisdiction an appeal from a decision entered in a § 7463 proceeding. *Ballard v. Commissioner,* 639 F.2d 486, 486 (9th Cir. 1980).

The Coles signed a petition stating that they elected to have the case conducted under the "small tax case" procedures and that a decision in the case could not be appealed to this court.[1] Hence, unless the

---

1. Above the Coles' signatures, the petition reads: "Petitioner(s) request(s) that this case be conducted under the 'small tax case' procedures authorized by Congress to provide the taxpay-

case's "small tax case" designation was removed, we lack jurisdiction to hear this appeal.

The Tax Court Rules allow the Tax Court, on its own motion or that of a party, to enter an order removing the "small tax case" designation of a case. Tax Ct.R. 172(c), 173; *see also* 26 U.S.C. § 7463(d). When the Court redesignates a small tax case to a regular tax case, it orders the letter "S," used to designate small tax cases, dropped from the docket number. *See Horvat v. Commissioner*, 37 T.C.M. (CCH) 679, 680 n. 1 (1978); *Reiss v. Commissioner*, 37 T.C.M. (CCH) 298, 299 (1978); *Williams v. Commissioner*, 35 T.C.M. (CCH) 1591, 1591 (1976).

There is no procedure by which a small tax case can become a regular tax case by any means other than an express court order. The Tax Court Rules provide that a case is a "small tax case" if the petitioner has so chosen and "[t]he Court has not entered an order in accordance with Rule 172(d) or Rule 173, discontinuing the proceedings in the case under Code Section 7463." Tax Ct.R. 171.

In the present case, neither party made a motion and the Tax Court never entered an order to remove the "small tax case" designation from the case and the "S" from the docket number. Throughout the proceedings, the docket number of the case continued to end in an "S." Furthermore, the Coles never claimed that the amount in question exceeded $10,000. Hence, the case was at all times a small tax case and cannot be appealed to this court.

### CONCLUSION

We lack jurisdiction to review the Tax Court's decision in this case. The appeal is DISMISSED.

er(s) with an informal, prompt, and inexpensive hearing at a reasonably convenient location. Consistent with these objectives, a decision in a 'small tax case' is final and cannot be appealed

to higher Courts (the Courts of Appeals and the Supreme Court) by the Internal Revenue Service or the Petitioner(s)."