T.C. Memo. 1997-337

UNITED STATES TAX COURT

TIMOTHY HARVEY, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 5474-96.                    Filed July 24, 1997.

Timothy Harvey, pro se.

<u>Amy Dyar Seals</u>, for respondent.

MEMORANDUM OPINION

DAWSON, <u>Judge</u>:  This case was assigned to Chief Special
Trial Judge Peter J. Panuthos pursuant to the provisions of

section 7443A(b)(4) and Rules 180, 181, and 183.[1]  The Court

agrees with and adopts the opinion of the Special Trial Judge,

which is set forth below.

### OPINION OF THE SPECIAL TRIAL JUDGE

PANUTHOS, Chief Special Trial Judge:  In a notice of

deficiency dated December 22, 1995, respondent determined a

deficiency in and additions to petitioner's Federal income tax

for the taxable year 1993 as follows:

|  | Addition to Tax | |
| Deficiency | Sec. 6651(a) | Sec. 6654(a) |
| $4,855 | $1,214 | $192 |

Respondent determined that petitioner failed to file a

return for the taxable year 1993.  The notice of deficiency

included the following adjustments of omitted income:

| Name of Payor | Kind of Payment | Amount |
| --- | --- | --- |
| NBD Mortgage Co. | Real estate sales | $17,900 |
| E.D. Jones & Co. | | |
|   Daily Passport Cash TST | Dividends | 18 |
| Achievers Unlimited | Nonemployee compensation | 15 |
| Fidelity Service Co. | IRA distribution | 599 |
| Fidelity Service Co. | IRA distribution | 1,973 |

A timely petition was filed in response to the notice of

deficiency.  In the petition, petitioner alleged that, in

response to Internal Revenue Service (IRS) inquiries, he had

---

[1]  All section references are to the Internal Revenue Code
in effect for the year in issue, unless otherwise indicated.  All
Rule references are to the Tax Court Rules of Practice and
Procedure.

written a letter to a representative of the IRS advising that if he did not hear from the IRS within 20 days as to the authority requiring him to file a Federal income tax return, he would consider the matter closed. The IRS not having responded, petitioner asserts that he is not required to do anything more. Petitioner also included substantial tax protester rhetoric in the petition.

Petitioner requested and was granted small tax case status pursuant to section 7463 and Rule 170-179. At the time of filing the petition herein, petitioner resided at Naples, Florida.

On August 30, 1996, respondent lodged an answer with the Court asserting an increased deficiency and increased additions to tax. Respondent also filed a motion to remove the small tax case designation. In the answer respondent asserted that petitioner, as the sole proprietor of Staying Young Unlimited, received commission income from Matol Botanical International LTD (Matol) in the amount of $84,436.34. Thus, respondent claimed an increased deficiency for 1993 in the amount of $31,959 (including self-employment tax) and increased additions to tax under sections 6651(a) and 6654 in the amounts of $7,990 and $1,338, respectively. The basis for respondent's motion to remove the small tax case designation was that, upon the filing of respondent's answer, the case no longer qualified for small tax designation because the amount in dispute exceeded $10,000. After notice and hearing, the Court granted respondent's motion

to remove small tax case designation, and respondent's answer was filed on November 27, 1996.

By notice dated March 13, 1997, petitioner was notified that this case was set for trial at a trial session of the Court in Tampa, Florida, beginning June 9, 1997. A Standing Pre-Trial Order was also served on petitioner on the same date. The notice clearly states, among other things, that "YOUR FAILURE TO APPEAR MAY RESULT IN DISMISSAL OF THE CASE AND ENTRY OF DECISION AGAINST YOU". On May 8, 1997, petitioner filed a motion to withdraw the petition. Petitioner informed the Court that he was giving the Court notice of his withdrawal of the petition. By order dated May 12, 1997, the Court denied petitioner's motion (citing Dorl v. Commissioner, 57 T.C. 720, 722 (1972)).

By order dated May 28, 1997, the Court set this matter for trial at a time and date certain of Monday, June 9, 1997, at 2 p.m. When the matter was called at the calendar call on the morning of June 9, 1997, and again sometime after 2 p.m. on the same date, respondent appeared and announced ready for trial. There was no appearance by or on behalf of petitioner.

There being no appearance by or on behalf of petitioner, respondent filed with the Court a motion to dismiss for failure to prosecute as to the deficiency and additions to tax determined in the notice of deficiency. Respondent also filed a motion for a penalty under section 6673, asserting that petitioner had instituted this proceeding primarily for the purpose of delay,

and that petitioner's position is frivolous or groundless.
Respondent also presented evidence through testimony of witnesses
and documents to satisfy the burden of proof with respect to the
increased deficiency and increased additions to tax.  We shall
first consider respondent's motion to dismiss, then review the
record with respect to the claim for an increased deficiency and
additions to tax, and finally consider the claim for a penalty
under section 6673.

Dismissal

Our Rules provide that the failure of a party to appear at
trial or to properly prosecute may result in entry of decision
against that party.  Specifically, Rule 123, which is entitled
"Default and Dismissal", provides in pertinent part as follows:

> (b) Dismissal:  For failure of a petitioner properly to
> prosecute or to comply with these Rules or any order of the
> Court or for other cause which the Court deems sufficient,
> the Court may dismiss a case at any time and enter a
> decision against the petitioner.  The Court may, for similar
> reasons, decide against any party any issue as to which such
> party has the burden of proof * * * .

Additionally, Rule 149, which is entitled "Failure to Appear or
to Adduce Evidence", provides in pertinent part as follows:

> (a) Attendance at Trials:  The unexcused absence
> of a party * * * when a case is called for trial will
> not be ground for delay.  The case may be dismissed for
> failure properly to prosecute, or the trial may proceed
> and the case be regarded as submitted on the part of
> the absent party or parties.

> (b) Failure of Proof:  Failure to produce
> evidence, in support of an issue of fact as to which a
> party has the burden of proof and which has not been
> conceded by such party's adversary, may be ground for

dismissal or for determination of the affected issue against that party. * * *

Dismissal of a case is a sanction that rests with the discretion of the Court. Harper v. Commissioner, 99 T.C. 533, 540 (1992); Levy v. Commissioner, 87 T.C. 794, 803 (1986). In addition--

> Dismissal may properly be granted where the party's failure to comply with Rules and orders of the Court is due to "willfulness, bad faith or any fault", as contrasted with mere inadvertence or inability. Societe Internationale v. Rogers, 357 U.S. 197, 212 (1958) (Fed. R. Civ. P. 37(b)(2)); Dusha v. Commissioner, 82 T.C. 592, 599 (1984) (Rule 104(c)). A case may be dismissed for failure properly to prosecute when petitioner * * * fails to appear at trial and does not otherwise participate in the resolution of petitioner's claim. Basic Bible Church v. Commissioner, 86 T.C. 110, 114 (1986).

Harper v. Commissioner, supra at 540; Bixler v. Commissioner, T.C. Memo. 1996-329; Kline v. Commissioner, T.C. Memo. 1996-220.

Petitioner did not appear for the calendar call or at the time at which his case was set for trial. Nor did petitioner communicate with the Court upon his failure to appear. Accordingly, we shall grant respondent's motion to dismiss for failure to properly prosecute and sustain respondent's determination as to the deficiency and the additions to tax determined in the notice of deficiency. See, e.g., Smith v. Commissioner, 91 T.C. 1049, 1052 (1988), affd. 926 F.2d 1470 (6th Cir. 1991).

Increased Deficiency and Additions to Tax

With respect to the increased deficiencies and increased additions to tax claimed in the answer, respondent bears the burden of proof. Rule 142(a); Achiro v. Commissioner, 77 T.C. 881, 889-990 (1981); DeSantis v. Commissioner, T.C. Memo. 1997-141. Respondent presented evidence in support of the claim.

In February 1989, petitioner executed an application and agreement to become an independent distributor for Matol. In November 1991, petitioner submitted an application for registration of a fictitious name, Staying Young Unlimited, with the Division of Corporations, State of Florida. The registration documents reflect that the mailing address of the business is the same as that of petitioner's residence. About the same time, petitioner advised Matol of the name change and asked Matol to issue all compensation and royalty checks in the name of Staying Young Unlimited. Petitioner further advised Matol that Staying Young Unlimited had its own tax identification number.

During the taxable year 1993, Matol, as payor, issued 21 checks in the name of Staying Young Unlimited totaling $84,436.34. The checks were deposited to an account controlled by petitioner at the Barnett Bank in Florida. The $84,436.34 represents commissions earned by petitioner from a network marketing system operated by Matol.

Petitioner failed to file a Federal income tax return for the taxable year 1993, and he failed to report any income or

deductions for that year.  Petitioner also failed to pay estimated tax as required by the Internal Revenue Code.

Gross income includes all income derived from any sources whatsoever, unless specifically excluded by another provision of the Internal Revenue Code.  Sec. 61(a);  Commissioner v. Glenshaw Glass Co., 348 U.S. 426, 430 (1955).  It is clear that commission income is taxable income.  There is nothing in this record which would indicate that petitioner did not receive commission income during 1993 in the amounts claimed by respondent.  The evidence in the record that petitioner did receive such income is sufficient to carry respondent's burden of proof in that regard.

Section 1401 imposes a tax on self-employment income. Section 1402 defines net earnings from self-employment as gross income derived from a trade or business.  Petitioner did not appear at trial or present any information or evidence that the commissions received were not self-employment income.  The evidence adduced by respondent establishes that these commissions were income from self-employment.  Accordingly, we conclude that petitioner is liable for the self-employment tax.

Section 6651(a)(1) imposes an addition to tax for failure to file a timely return.  The addition to tax will not apply if the failure to file was not due to willful neglect, and there was reasonable cause for the failure to file. United States v. Boyle, 469 U.S. 241, 245 (1985).  Petitioner received substantial amounts of income during the taxable year 1993, and he did not

file a Federal income tax return.  The evidence in this record persuades us that there was no reasonable cause for the failure to file.  Therefore, we conclude that petitioner is liable for the addition to tax as claimed by respondent in the answer.

Section 6654(a) imposes an addition to tax for failure to pay estimated tax.  The addition to tax is mandatory and does not contain a provision relating to reasonable cause or willful neglect.  Niedringhaus v. Commissioner, 99 T.C. 202, 222 (1992); Recklitis v. Commissioner, 91 T.C. 874, 913 (1988).  Petitioner did not pay an estimated tax despite the receipt of substantial amounts of commission income.  We conclude that petitioner is liable for the addition to tax as asserted by respondent in the answer.

Accordingly, we conclude that petitioner is liable for the increased deficiency and increased additions to tax for the taxable year 1993 asserted by respondent in the answer.

Penalty Under Section 6673

Petitioner is the same person who filed a petition in docket No. 20340-94 in response to a notice of deficiency issued for the taxable years 1991 and 1992.[2]  In that case the Commissioner determined and asserted, among other adjustments, that petitioner received commission income from Matol, which payments were

---

[2]  A notice of deficiency for the taxable years 1991 and 1992 was also issued to petitioner's wife, Kathleen Harvey.  She filed a petition at docket No. 20339-94, and that docket was ultimately consolidated with docket No. 20340-94.

deposited to his sole proprietorship, Staying Young Unlimited. The Commissioner also determined that petitioner failed to report income on Federal income tax returns for the taxable years 1991 and 1992. In his petition in that case petitioner asserted that the notice of deficiency was invalid, respondent's determination was unconstitutional, and the amounts received were not income. On February 8, 1996, pursuant to Rule 152(b), petitioner was served with a copy of the Court's oral findings of fact and opinion. The Court concluded that the Commissioner's determination was correct with respect to the deficiency and additions to tax for 1991 and 1992. Also, the Court held in favor of the Commissioner with respect to claimed increased deficiencies and additions to tax.

Section 6673(a) authorizes the Tax Court to require a taxpayer to pay to the United States a penalty not in excess of $25,000 whenever it appears that proceedings have been instituted or maintained by the taxpayer primarily for delay or that the taxpayer's position in such proceeding is frivolous or groundless.

Petitioner did not file a Federal income tax return for the taxable year 1993. He received substantial income during the year in issue. Petitioner filed a petition with respect to the 1991 and 1992 tax years, and the Court concluded in that case that petitioner was liable for deficiencies for omitted income as well as additions to tax for failure to file a return and failure

to pay estimated tax.  Despite the Court's holding for the tax years 1991 and 1992 (in an opinion served on the parties on February 8, 1996), petitioner filed a petition in the instant case on March 25, 1996, making many of the same claims as he did in the earlier case.

This Court and other Federal courts have consistently and uniformly held for many years that compensation is income.  E.g., Beard v. Commissioner, 793 F.2d 139 (6th Cir. 1986), affg. per curiam 82 T.C. 766 (1984); Coleman v. Commissioner, 791 F.2d 68, 70 (7th Cir. 1986); Carter v. Commissioner, 784 F.2d 1006, 1009 (9th Cir. 1986); Olson v. United States, 760 F.2d 1003, 1005 (9th Cir. 1985); United States v. Burton, 737 F.2d 439, 441 (5th Cir. 1984); Gattuso v. Pecorella, 733 F.2d 709, 710 (9th Cir. 1984); Funk v. Commissioner, 687 F.2d 264, 265 (8th Cir. 1982), affg. T.C. Memo. 1981-506; Lonsdale v. Commissioner, 661 F.2d 71, 72 (5th Cir. 1981), affg. T.C. Memo. 1981-122; United States v. Romero, 640 F.2d 1014, 1016 (9th Cir. 1981).

Petitioner's arguments are basic tax protester rhetoric.  As the Court of Appeals for the Fifth Circuit has remarked: "We perceive no need to refute these arguments with somber reasoning and copious citation of precedent; to do so might suggest that these arguments have some colorable merit."  Crain v. Commissioner, 737 F.2d 1417, 1417 (5th Cir. 1984).

The record in this case convinces us that petitioner was not interested in disputing the merits of either the deficiencies in

income taxes or the additions to tax. Rather, the record demonstrates that petitioner regards this case as a vehicle to protest the tax laws of this country and espouse his own misguided views.

We are also convinced that petitioner instituted and maintained this proceeding primarily, if not exclusively, for purposes of delay. Having to deal with this matter wasted the Court's time, as well as respondent's. Moreover, taxpayers with genuine controversies may have been delayed.

Accordingly, we shall grant respondent's motion and, pursuant to section 6673(a)(1), require petitioner to pay a penalty to the United States in the amount of $5,000. Coleman v. Commissioner, supra at 71-72; Crain v. Commissioner, supra at 1417-1418; Coulter v. Commissioner, 82 T.C. 580, 584-586 (1984); Abrams v. Commissioner, 82 T.C. 403, 408-411 (1984).

To reflect the foregoing,

An order granting respondent's motions and decision will be entered.