# In the
# United States Court of Appeals
## For the Seventh Circuit

_____

No. 04-3873

TIMOTHY E. DEXTER,

*Petitioner-Appellant,*

v.

COMMISSIONER OF INTERNAL REVENUE,

*Respondent-Appellee.*

_____

Appeal from the United States Tax Court.
No. 18847-30

_____

SUBMITTED MAY 2, 2005—DECIDED JUNE 3, 2005

_____

Before EASTERBROOK, RIPPLE and MANION, *Circuit Judges.*

PER CURIAM. The Commissioner of Internal Revenue (Commissioner) moves to dismiss this appeal of a decision by the Tax Court. For the following reasons, we grant the motion.

For three near-consecutive years, Timothy Dexter's income tax returns were deemed frivolous by the Internal Revenue Service (IRS). And for three years following that, he failed to file any returns at all. The IRS penalized Mr. Dexter $500 for each frivolous filing, 26 U.S.C. § 6702, and levied assessments against him for his unpaid taxes.

After he neglected to pay, the IRS filed a tax lien against him and notified him of his right to contest its decision. The notice explained that Mr. Dexter could dispute the assessments for the unpaid taxes by petitioning the Tax Court but could challenge the penalties for his frivolous returns only in federal district court. Mr. Dexter attempted to challenge both determinations in the Tax Court by filing a pre-printed "Tax Court Form 2," *see* Tax Ct. R. 173, which provided that he would be proceeding under the "small tax case" provisions unless he checked a box on the form that indicated he wished to proceed otherwise, *see* 26 U.S.C. § 7463(a); Tax Ct. R. 171(a). Mr. Dexter did not check the box.

The Commissioner moved to dismiss the petition to the extent Mr. Dexter sought to challenge the frivolous-return penalties and moved for summary judgment regarding the unpaid-tax assessments. Mr. Dexter was given notice of the filings and a hearing on the matter but did not respond or appear before the court. The Tax Court granted the Commissioner's motions, and, after concluding that Mr. Dexter had instituted the proceedings for purposes of delay, penalized him $2,500. Mr. Dexter appealed.

The Commissioner moves to dismiss Mr. Dexter's appeal on the ground that 26 U.S.C. § 7463(b) prohibits review of a decision entered in a small tax case. Section 7463(b) provides that "[a] decision entered in any case in which the proceedings are conducted under this section [relating to disputes of less than $50,000] shall not be reviewed in any other court and shall not be treated as a precedent for any other case." Mr. Dexter responds that the Tax Court's decision to impose the $2,500 penalty violated his right to due process, and argues that he could not have known that he was subject to unreviewable sanctions when he elected to proceed under the small tax case provisions.

The Commissioner advances several arguments in support of his position that this court lacks jurisdiction to hear the appeal. First, the Commissioner notes that section 6673 allows the Tax Court to levy "in its *decision* . . . a penalty not in excess of $25,000" if the court determines that the taxpayer instituted the proceedings for delay or the taxpayer's position is frivolous. 26 U.S.C. § 6673(a)(1) (emphasis added). The Commissioner points out that Congress used the same term in section 7463(b), "[a] *decision* entered in any [small tax] case . . . shall not be reviewed in any other court," and again in section 7481(b), "[t]he *decision* of the Tax Court . . . shall become final upon the expiration of 90 days after the decision is entered." *Compare id.* § 7463(b) *with id.* § 7481 (emphasis added). The Commissioner contends that repetitive use of the term "decision" shows that Congress intended to include a penalty under section 6673 as part of a "decision" that is beyond judicial review. The Commissioner further observes that Congress did not use the term "decision" in the provision of section 6673 that allows a Tax Court to impose sanctions against an attorney, *id.* § 6673(a)(2), and argues that this omission is further evidence that Congress intended to insulate only certain "decisions" from review.

The Commissioner also observes that the Senate Report to the Tax Reform Act of 1969 reveals Congress intended small tax cases to be free from the kind of record-making that an appeal from a decision would require. As the Report explains:

> While the Tax Court procedures are less complicated in many respects than those of other courts, they remain formal in nature because the Court and the Internal Revenue Service must consider not just the amount involved in any particular case but also the precedent that it might provide for future cases. In addition . . . a complete record must be prepared of

> the proceedings in each case and the Court's findings of fact and opinion must be sufficiently detailed to permit a proper review.

> . . . .

> The bill provides that in small cases (where neither the disputed amount of the deficiency nor the claimed overpayment exceeds $1,000 as to any one taxable year to an estate tax) a simplified and relatively informal procedure is to be available to taxpayers. In such a case the decision would be based upon a brief summary opinion instead of formal findings of fact, etc., would not be a precedent for future cases, and would not be reviewable on appeal.

S. Rep. No. 91-552, *reprinted in* 1969 U.S.C.C.A.N. 2027, 2341-42. The Commissioner contends that the reasons for creating the simplified tax dispute procedure would be critically undermined if a penalty were appealable to this court.

We find the Commissioner's arguments persuasive. Both the statutory language and legislative history demonstrate that Congress intended to preclude judicial review of all "decisions" in small tax cases—including the imposition of a penalty for a frivolous petition. Moreover, section 6673 as originally enacted (and which predates the small tax case provisions) provided that the penalty for instituting frivolous proceedings was meant to be considered and "collected as a part of the tax" imposed. Internal Revenue Code of 1954, ch. 736, 68A Stat. 828 (1954). We presume that Congress knew of the Tax Court's ability to impose a penalty when it enacted the small tax case provisions and did not elect to create an exception to the bar on judicial review.

Furthermore, our own research has found some 36 decisions in which a penalty had been imposed in a small tax case and no appeal had been taken. *See, e.g., Cedric K. v.*

*Comm'r*, 84 T.C.M. (CCH) 403 (2002); *Lopez v. Comm'r*, 81 T.C.M. (CCH) 1525 (2001); *Harvey v. Comm'r*, 74 T.C.M. (CCH) 191 (1997); *Sprunk v. Comm'r*, 61 T.C.M. (CCH) 1890 (1991). And at least two other circuits have dismissed appeals from a decision in a small tax case due to lack of jurisdiction. *Cole v. Comm'r*, 958 F.2d 288, 289 (9th Cir. 1992); *Rogers v. Comm'r*, No. 00-1534, 2001 WL 793703 (D.C. Cir. June 8, 2001) (unpublished per curiam order).

Finally, although we lack jurisdiction over the appeal, we note that Mr. Dexter was not deprived of due process. Due process requires notice and an opportunity to be heard, both of which were provided. *Fuentes v. Shevin*, 407 U.S. 67, 80 (1972); *Cooper v. Salazar*, 196 F.3d 809, 814 (7th Cir. 1999). Mr. Dexter was advised throughout the proceedings that his tax protest was frivolous and was provided with a copy of *Pierson v. Comm'r*, 115 T.C. 576, 580 (2000), which explains that frivolous arguments to the court could result in a penalty. Before the hearing, he could have asked the Tax Court to convert the proceedings to a regular tax case, *Cole*, 958 F.2d at 290; Tax Ct. R. 171(c), thus allowing him the possibility of an appeal, *see Toushin v. Comm'r*, 223 F.3d 642, 645-46 (7th Cir. 2000). Mr. Dexter nonetheless chose to proceed under the small tax case provisions, although he was expressly advised that the decision would be final and non-appealable. Even so, Mr. Dexter was not without recourse after being penalized, for he could have moved the Tax Court to reconsider its decision. Tax Ct. R. 162. Mr. Dexter chose not to do so.

For the foregoing reasons, we grant the Commissioner's motion to dismiss.

DISMISSED

A true Copy:

Teste:

_____

*Clerk of the United States Court of*
*Appeals for the Seventh Circuit*