NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted November 26, 2014[*]
Decided December 8, 2014

**Before**

ANN CLAIRE WILLIAMS, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

No. 13-3699

| | |
|---|---|
| MERRICK S. RAYLE,<br>        *Petitioner-Appellant*, | Appeal from the United States Tax Court. |
| | No. 8466-13S |
| *v.* | |
| | John O. Colvin, |
| COMMISSIONER OF INTERNAL<br>REVENUE,<br>        *Respondent-Appellee*. | *Chief Judge*. |

**O R D E R**

Merrick Rayle appeals from the Tax Court's dismissal of his small tax case. Because we lack jurisdiction over the appeal, we dismiss.

The Internal Revenue Service mailed a notice of deficiency to Rayle's last known address on January 8, 2013, triggering a 90-day deadline for him to challenge the deficiency determination. *See* 26 U.S.C. § 6213(a). The notice informed Rayle that he owed unpaid taxes and penalties for tax years 2009 and 2010, and that he could contest

---

[*] After examining the briefs and the record, we have concluded that oral argument is unnecessary. Thus the appeal is submitted on the briefs and the record. *See* FED. R. APP. P. 34(a)(2)(C).

the IRS's determination by filing a petition with the Tax Court by April 8, 2013—90 days after the notice of deficiency was mailed. By statute the Tax Court "shall have no jurisdiction" to hear a challenge to a deficiency determination if the taxpayer's petition is filed after this 90-day deadline. *See id.*; *Petrulis v. C.I.R.*, 938 F.2d 78, 79 (7th Cir. 1991); *Meruelo v. C.I.R.*, 691 F.3d 1108, 1115 (9th Cir. 2012); *Selgas v. C.I.R.*, 475 F.3d 697, 699 (5th Cir. 2007).

The notice of deficiency also informed Rayle that simplified procedures are available to taxpayers who elect to contest their deficiencies as "small tax cases." These small-tax-case procedures are available only if the amount in dispute for each tax year is $50,000 or less. Rayle's case qualified because he owed a total of $36,616 in taxes and $7,323 in penalties. To use this procedure, Rayle needed only to check a box on the form that the IRS had mailed to him and return it. *See* 26 U.S.C. § 7463(a); T.C. Form 2, UNITED STATES TAX COURT, *available at* https://www.ustaxcourt.gov/forms/Petition_Kit.pdf (last visited Nov. 3, 2014).

The deficiency notice warned Rayle that a taxpayer who elects the "small tax case" procedure cannot appeal the Tax Court's decision. Complete information on the procedure, the notice explained, was available by mail and on the Tax Court's website. The website elaborates on the advantages to the taxpayer of small-tax-case proceedings: convenience (trials in small tax cases are held in about 15 more locations than regular tax trials) and streamlined procedural rules. *Taxpayer Information: Starting a Case*, UNITED STATES TAX COURT, https://www.ustaxcourt.gov/taxpayer_info_start.htm#START12 (last visited Nov. 3, 2014); *see* TAX CT. R. 174 ("Trials of small tax cases will be conducted as informally as possible consistent with orderly procedure, and any evidence deemed by the Court to have probative value shall be admissible."). Like the notice, the website also alerts taxpayers that a decision in a small tax case cannot be reviewed by a United States Court of Appeals. *See Taxpayer Information: Starting a Case, supra*.

Ray elected to contest his tax deficiency as a small tax case by checking the appropriate box and returning the petition form. (Like the deficiency notice and website, the form also warned him that a decision in a small tax case is not appealable.) Rayle filed his petition on April 16, 2013, eight days after the 90-day deadline.

The Commissioner moved to dismiss Rayle's case, arguing that the Tax Court lacked jurisdiction because the petition was untimely. Rayle responded that his untimely filing should be excused because he was away from his home when the notice of deficiency was mailed and thus did not receive it until ten days later, on January 18, 2013. The Tax Court granted the Commissioner's motion and dismissed the petition for

lack of jurisdiction. The Tax Court explained that by statute a petition is timely only if it is filed within 90 days after the notice of deficiency is *mailed.* Rayle's absence from home when the IRS mailed the notice was irrelevant, the court observed, because the statute required only that the IRS mail the notice to his "last known address," not deliver it to him personally.

Rayle argues on appeal that the Tax Court erred when it refused to allow him extra time to submit his petition. The Commissioner responds that we cannot address this challenge because we lack jurisdiction to review the Tax Court's decisions in small tax cases.

The Commissioner is correct. The Tax Court's dismissal of a case for lack of jurisdiction is a "decision." *See* 26 U.S.C. § 7459(c), (d). And the statute governing small tax cases provides that "[a] decision entered in any case in which the proceedings are conducted under this section shall not be reviewed in any other court and shall not be treated as a precedent for any other case." *Id.*, § 7463(b). This statutory language and the legislative history behind it "demonstrate that Congress intended to preclude judicial review of all 'decisions' in small tax cases." *Dexter v. C.I.R.*, 409 F.3d 877, 879 (7th Cir. 2005); *see Cole v. C.I.R.*, 958 F.2d 288, 289–90 (9th Cir. 1992). When Congress clearly intends a statutory provision to be jurisdictional, we must treat is as such. *See Sebelius v. Auburn Reg'l Med. Ctr.*, 133 S. Ct. 817, 824 (2013). Thus we lack jurisdiction to review the Tax Court's decision to dismiss Rayle's case.

Rayle does not dispute that this *is* a small tax case, nor could he. Both the notice of the deficiency and the petition form warned Rayle that, by choosing to conduct his case as a small tax case, he would forgo judicial review of the Tax Court's decision. Rayle chose the small-tax-case procedures by checking the appropriate box on his petition, and the Tax Court concurred in his choice by declining to remove the small-tax-case designation he had selected. *See* 26 U.S.C. § 7463(a); TAX CT. R. 171(a), (d).

In closing, we note that Rayle may not be without recourse. Because he did not file his petition within the time prescribed by § 6213(a), he may still pay the amount assessed by the IRS, request a refund, and—if the request is denied—sue in federal court. *See* 26 U.S.C. §§ 7422, 6512(a); *Cheek v. United States*, 498 U.S. 192, 206 (1991); *Pagonis v. United States*, 575 F.3d 809, 812 (8th Cir. 2009); *Hudson Valley Black Press v. I.R.S.*, 409 F.3d 106, 111 (2d Cir. 2005).

DISMISSED.